## THE TRUSTEES OF IOWA COLLEGE v. FENNO ET AL.

1. **Mortgages:** PARTS OF SAME TRANSACTION: CONSTRUCTION AS TO QUESTION OF PRIORITY. Two mortgages made by the same persons, on the same land, as parts of the same transaction, but dated on two consecutive days, and each referring to the other, construed, (see opinion,) and the question of priority determined.

*Appeal from Poweshiek District Court.*

THURSDAY, OCTOBER 22.

ACTION to foreclose a mortgage executed to the plaintiffs by the defendants Miriam Fenno and Charles C. Fenno.

The plaintiffs made S. S. Preston defendant, who holds a mortgage upon the same property, executed to him by the Fennos, but they aver that his mortgage is junior to theirs and subject to it. Preston for answer denies that his mortgage is junior to the plaintiffs' and subject to it. By way of cross-petition he seeks a foreclosure of his mortgage, and avers that the plaintiffs' mortgage is subject to it. The Fennos made no defense to either mortgage. The court granted a foreclosure of both mortgages, and decreed that Preston's mortgage was paramount to the plaintiffs, so far as the principal of his debt was concerned. The plaintiffs appeal.

. *Haines, Lyman & Howell*, for appellants.

*L. C. Blanchard*, for appellee.

ADAMS, J.—The principal question presented in this case is as to priority, and that is to be determined by a construction of the two mortgages. The plaintiffs' mortgage purports to have been executed on the thirty-first day of March, 1881. Preston's mortgage purports to have been executed on the first day of April, 1881. Preston avers that they were in fact executed upon the same day. The question as to whether they were or not is not very material. Preston's mortgage was recorded first, but that fact is not material. Each refers to the other. The mortgagee in each had notice of the other, and the mortgages may be considered as in some sense parts of the same transaction. The plaintiffs aver that the mortgage to them was given to secure money loaned to the Fennos to pay off a mortgage debt already existing as a first lien. This is not admitted by Preston, and is not, we think, proven. We refer to it only as a possibility which, regarded merely as such, may aid in the construction of the mortgages. That Preston had previously had a mortgage upon this property, given to secure the same debt, we understand to be admitted. That he released that mortgage, and took instead thereof the mortgage which he is seeking to foreclose, and that the release was a part of the transaction in which the plaintiffs mortgage was executed, we understand also to be admitted.

As each mortgage refers to the other, and they were in some sense, as the parties seem to concede, parts of the same transaction, it becomes important not only to carefully examine their provisions, but to compare them with each other. The plaintiffs' mortgage, as has been stated, was dated one day earlier than Preston's. He avers that this was by mistake, but we see no evidence that it was, and think it more probable that it was done by design and without reference to the true date. The plaintiffs' mortgage contains a covenant that the premises are free from incumbrance. Preston's mortgage provides that it is "subject to a mortgage of $8,750 to the trustees of Iowa College," which was the amount of the

The Trustees of Iowa College v. Fenno et al.

plaintiffs' mortgage, and Preston's mortgage contains a covenant that the premises "are free from incumbrance except as above stated," the exception referring to the plaintiffs' mortgage. Preston's mortgage refers to the plaintiffs's debt as the first mortgage debt. The reference is contained in a provision for foreclosure, and is in these words: "The said parties [the Fennos] further agree that if they fail to pay any of the said money, or the first mortgage debt, principal or interest, within thirty days after the same becomes due, this mortgage may thereupon be foreclosed immediately for the whole of said money, interest and costs."

If this were all, there could be no question about the priority of the plaintiffs' mortgage. The parties could not well have used more explicit language for the purpose of showing such priority. The doubt, if any, arises from a provision which is nearly the same in each mortgage, providing for the application of the proceeds of sales. In Preston's mortgage it is in these words: "It is further expressly agreed that from and after April 1, 1881, the first mortgagees, the trustees of Iowa College, shall have immediate and sole possession and exclusive control of said property during their mortgage debt, and shall rent or sell the same as they may see fit, and said first parties hereby agreeing to sign all necessary papers to that end; that in leasing or selling said property, or parts thereof, L. E. Spencer, Esq., of Grinnell, Iowa, shall act as agent of all parties herein named, and shall receive fifty dollars per year as compensation for such services out of the proceeds of all leases and sales,—said proceeds to be controlled by said first mortgagees and be applied on the interest of the first mortgage debt; next on the taxes due or to become due on said land; next on any and all expenses to which said first mortgagees may have been put in the management and keeping up of said property, including compensation to agents; and any balance remaining after said interest, taxes and expenses are paid shall be then applied, first, on the note to said S. S. Preston, secured by this mortgage,

until the same be paid, both principal and interest, and, when so paid, then to be applied on the principal note to the said first mortgagees."

In determining the rights of these parties, it is our duty to adopt such construction of the mortgages as shall be consistent with every part, if it can be done; and we have to say that we think it can. We have only to refer the words "said proceeds," as used in the mortgages, to the proceeds of such leases and sales as should be made by Spencer. This accords strictly with the grammatical construction, which may always be allowed a large influence, and usually a controlling one. The word "said" is a word of limitation. It is used expressly by way of reference to the word "proceeds" used in the preceding line, and its office unquestionably is to denote that the word "proceeds," which is limited by it, means the same as the previous word "proceeds," which is referred to by it. If the parties intended by the word "proceeds," as last used, something more than they intended by the word as first used,—that is, if they intended by the word as last used to include not only the proceeds of Spencer's sales, but the proceeds of sales made upon execution in pursuance of a deree of foreclosure,—the word "said" should have been omitted. In no other way could the word "proceeds" be used in a general way, and properly bear the meaning which Preston contends for.

It is said, to be sure, that the word "proceeds" as first used has a meaning broad enough to include proceeds of sale upon execution; but we think otherwise. No other sales had been alluded to except such as should be made by Spencer. Besides, there is another consideration which remains to be mentioned, which, we think, removes all doubt upon this point, if there would otherwise be any. The provision is that "said proceeds are to be controlled by said first mortgagees and be applied," etc. Now, not a dollar of the proceeds of sales upon execution could properly be controlled by the first mortgagees, so far as the matter of distribution is concerned, and

it would be senseless to suppose that the parties had the distribution of the proceeds of such sales in mind. The law provides for the control and distribution of proceed of sales upon execution. It was only the control and distribution of the proceeds of private sales that the parties needed to provide for.

What the object of the parties was, under the construction which we adopt, we think can be very easily understood. Preston and the mortgagors had consented that these plaintiffs, denominated first mortgagees, should have absolute power to sell through their agent, Spencer, at private sale, as they should see fit. Now, such power could not properly be given by Preston to these plaintiffs, if his right of payment was to be wholly postponed to theirs. He would be utterly without protection. The mortgagors, too, needed some safe-guard against the first mortgagees' frittering away the security by private sales made only with the view of getting their own money out. Looking, then, only at this part of the mortgage, upon which Preston solely relies, we have to say that we do not think it susceptible of the construction for which he contends. But, when we come to look at other parts of the mortgage, his position is manifestly untenable. His mortgage provides that it is "subject to a mortgage of $8,750 to the trustees of Iowa College." He contends that it is not, and he asks this court to so hold directly in contravention of this provision. It is no answer for him to say that he concedes that his mortgage is subject to the *interest* on the plaintiffs' mortgage. It would be trifling with the English language to say that that is the fair or even possible meaning of the provision. Again, the plaintiffs' mortgage (executed, as Preston says, at the time his mortgage was, and as a part of the transaction) contains a covenant that the premises are free from incumbrance. His mortgage refers to theirs, and was drawn consistently with this covenant. He asks us now to hold that at the time this covenant was made the premises were not free from incumbrance, but were subject to the incum-

The Trustees of Iowa College v. Fenno et al.

brance of his mortgage, so far as the principal debt is concerned, though his mortgage expressly provided otherwise and was dated one day later.

We have already seen that Preston had, prior to this transaction, a mortgage upon the property, and released it and took the mortgage now sought to be enforced by him to secure the same indebtedness. The fact that this mortgage was executed as a part of the same transaction in which the plaintiffs' mortgage was executed, and the fact that the two mortgages are dove-tailed together in the manner in which they are, give support to the supposition that Preston was benefited in some way by the loan made by the plaintiffs, either because the money was used to discharge an incumbrance prior to his former mortgage, or for some other reason. But it is not important to indulge in suppositions. It is sufficient that, under the construction which we adopt, the parties may have had abundant reason for drawing the mortgages as they did. It is impossible to adopt the construction which Preston contends for, and give any reason why the mortgages were so drawn. We think that the plaintiffs are, for all intents and purposes, first mortgagees, just as they are denominated in Preston's mortgage, except as otherwise expressly provided in the matter of the proceeds of sales made by the plaintiffs themselves through their agent Spencer.

So me other questions are discussed, but the view which we have taken disposes of this case.

MODIFIED AND AFFIRMED.